**RECORD NO. 12-4702**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CHRISTOPHER ROBINSON,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT WILMINGTON

**OPENING BRIEF OF APPELLANT**

C. Burell Shella
SHELLA, HARRIS & AUS, PC
2530 Meridian Parkway, Suite 300
Durham, North Carolina 27713
(919) 438-3472
chrisshella@yahoo.com

*Counsel for Appellant*　　　　　　　　　　　　　　　　　　January 7, 2013

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF JURISDICTION.......................................................................1

NATURE OF APPEAL ...........................................................................................2

ISSUE PRESENTED ...............................................................................................2

STATEMENT OF THE CASE................................................................................2

STATEMENT OF FACTS ......................................................................................3

SUMMARY OF ARGUMENT ...............................................................................4

ARGUMENT ...........................................................................................................5

WHETHER MR. ROBINSON SHOULD BE RE-SENTENCED DUE TO ANY ABUSE OF DISCRETION BY THE TRIAL COURT...........................................5

    A.   STANDARD OF REVIEW................................................................5

    B.   DISCUSSION ....................................................................................5

CONCLUSION ........................................................................................................8

CERTIFICATE OF COMPLIANCE.......................................................................9

CERTIFICATE OF SERVICE ..............................................................................10

## TABLE OF AUTHORITIES

### CASES

*Anders v. California*,
   386 U.S. 738, 87 S. Ct. 1396 (1967) ............................................................2, 4

*Gall v. United States*,
   522 U.S. 38, 128 S. Ct. 586 (2007) ..................................................................5

*McCoy v. Wisconsin*,
   486 U.S. 429, 108 S. Ct. 1895 (1988) ..............................................................4

*Penson v. Ohio*,
   488 U.S. 75, 109 S. Ct. 346 (1988) ..................................................................4

*United States v. Perez-Pena*,
   453 F.3d 236 (4th Cir. 2006) ...................................................................6, 7, 8

*United States v. Raby*,
   575 F.3d 376 (4th Cir. 2009) ............................................................................5

*United States v. Seay*,
   553 F.3d 732 (4th Cir. 2009) .........................................................................5, 8

*United States v. Shortt*,
   485 F.3d 243 (4th Cir. 2007) ............................................................................8

### STATUTES

18 U.S.C. 924 ..........................................................................................................1

18 U.S.C. § 924(a)(2) .............................................................................................7

18 U.S.C. 924(c) ..................................................................................................1, 2

18 U.S.C. 1951 .....................................................................................................1, 2

18 U.S.C. §3553(a) ...........................................................................................5, 6, 8

18 U.S.C. § 3553(a)(1) ................................................................................................7

18 U.S.C. § 3553(a)(2)(A) ..........................................................................................7

18 U.S.C. § 3553(a)(2)(B) ..........................................................................................7

18 U.S.C. § 3553(a)(2)(C) ..........................................................................................7

18 U.S.C. § 3742(a) ....................................................................................................1

28 U.S.C. § 1291 ........................................................................................................1

Appeal: 12-4702      Doc: 15          Filed: 01/07/2013      Pg: 4 of 14

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4702

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHRISTOPHER ROBINSON,

Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

**BRIEF FOR APPELLANT**

STATEMENT OF JURISDICTION

This is a direct appeal by a defendant in a federal criminal case from the sentence imposed in the United States District Court for the Eastern District of North Carolina following a jury finding of guilt as to 18 U.S.C. § 1951 and 18 U.S.C. 924(c). Jurisdiction was conferred upon the United States District Court pursuant to 18 U.S.C. 1951 and 18 U.S.C. 924.

Appellate jurisdiction is conferred upon the United States Court of Appeals for the Fourth Circuit pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Sentence was imposed by the lower court on August 21st 2012 and a judgment incorporating that sentence was filed by the court on August 21st, 2012. Notice of

1

appeal was filed by the defendant on September 3rd, 2012.

## NATURE OF APPEAL

This brief is submitted to the Court pursuant to the decision of the United States Supreme Court in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel for the defendant-appellant has determined, after a conscientious examination of the entire record of the case, that Mr. Robinson has no meritorious grounds for appeal. Nevertheless, Mr. Robinson wishes to appeal his sentence.

## ISSUE PRESENTED

Whether Mr. Robinson should be re-sentenced due to any abuse of discretion by the trial court.

## STATEMENT OF THE CASE

The investigation determined that Jerrell Yeoman, Alan Johnson, Samuel Gaines, CHRISTOPHER ROBINSON, and others, were involved in a conspiracy to commit armed robberies in the Wilmington, North Carolina, area. ROBINSON and Johnson were members of a set of the "Bloods" street gang. Gaines, who is Johnson's uncle, is a self-admitted member of the Crips street gang. All four members conspired to commit multiple robberies in the Wilmington area, through the use of firearms. Defendant Robinson plead guilty pursunat to a plea agreement on March 21 2012 to count 3 (18 U.S.C. § 1951 Hobbs Act Robbery) and count 4 (18 U.S.C. § 924 (c) of the indictment. He was sentenced on Oct. 21 2012 to 80

2

month incarceration on count 3 and 120 months consecutive on count four for a sentence of 200 months active imprisonment. Notice of appeal was given 9/3/2012.

## STATEMENT OF FACTS

On July 10, 2011, Johnson, Gaines, ROBINSON, and an unindicted co-conspirator proceeded to the residence of Victim ED on Lullwater Drive in Wilmington, North Carolina. Victim ED was a known drug dealer who had recently been released from the North Carolina Department of Correction. Johnson, Gaines, ROBINSON, and the unindicted coconspirator were all armed with firearms. They forced their way into the residence of Victim ED and demanded money and drugs while holding the victim at gun-point. Victim ED provided Johnson with ¼ pound of marijuana and a $165 in cash. Johnson, Gaines, ROBINSON, and the unindicted coconspirator also stole an LCD television, valued at $1,000, and other items from Victim ED. Johnson was unhappy with the small amount of marijuana provided by the victim and repeatedly demanded to know "where the weed was?" At that point, Johnson requested a firearm from the unindicted coconspirator and then fired several shots at the victim. The victim, who was shot four times including once

in each leg, once in the left side, and a grazing wound to his forehead, was able to escape by running out the front door of the residence. A cell phone was

3

recovered at the scene and was linked to ROBINSON.

Johnson was interviewed by agents and admitted that he, ROBINSON, Gaines, and a fourth person committed the robbery. Johnson also admitted that he shot Victim ED and he used the unindicted co-conspirator's firearm to shoot Victim ED.

## SUMMARY OF THE ARGUMENT

This brief is submitted to the Court pursuant to the decision rendered in *Anders v. California*, 386 U. S. 738, 87 S.Ct. 1396 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U. S. 429, 108 S.Ct. 1895 (1988), and *Penson v. Ohio*, 488 U. S. 75, 109 S.Ct. 346 (1988).

Counsel for Mr. Robinson has determined, after a conscientious examination of the entire record in this case, that Mr. Robinson has no meritorious grounds for appeal. Nonetheless, this brief is submitted to fulfill the appellant's desire to pursue an appeal of his active sentence of 200 months due to abuse of discretion by the trial court in the rendition of its sentence.

ARGUMENT

**WHETHER MR. ROBINSON SHOULD BE RE-SENTENCED DUE TO ANY ABUSE OF DISCRETION BY THE TRIAL COURT.**

Mr. Robinson plead guilty to count 3 Hobbs act robbery for which he received 80 months and to Count four Possession of A firearm in commission of a violent felony for which he received 120 months consecutive to count 3.

A.   Standard of Review.

Sentencing courts have discretion to sentence defendants within the statutory range, regardless of whether the sentence falls within the Guidelines range or without. *United States v. Raby*, 575 F.3d 376, 380 (4th Cir. 2009)(Citing *Gall v. United States*, 522 U.S. 38, 128 S.Ct. 586, 598 (2007)). The district court's sentence is reviewed for reasonableness under an abuse-of-discretion standard. *United States v. Seay*, 553 F.3d 732, 742 (4th Cir. 2009).

B.   Discussion.

A district court must engage in a multi-step process prior to imposing a sentence. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range. Next, the court must determine whether a sentence within that range serves the factors set forth in 18 U.S.C. §3553(a) and, if not, select a sentence within statutory limits that does serve those factors. The district court must articulate the reasons for the sentence imposed,

5

particularly explaining any departure or variance from the Guideline range. The explanation of a variance sentence must be tied to the factors set forth in § 3553(a) and must be accompanied by findings of fact as necessary.[1] *United States v. Perez-Pena*, 453 F.3d 236, 241 (4th Cir. 2006)(Internal citations omitted).

A sentence outside the advisory guideline range is reviewed for whether the district court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the guideline range.

---

[1]
    18 U.S.C. § 3553(a) provides in pertinent part:
    The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider-
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed-
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3) the kinds of sentences available;
    (4) the kinds of sentence and the sentencing range established for-
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[...]

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

*Id.* If a district court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory guideline range, the sentence will be found unreasonable and vacated. *Id.*

In Mr. Robinson's case, the trial court, however, imposed a sentence within the advisory Guideline range to address:

- The nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1).

- The seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A).

- To afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B).

- To protect the public for further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(C).

(JA 87). In support of the above-referenced sentencing factors, court specifically found:

 A sentence of 200 months imprisonment was sufficient, but not greater than necessary based upon the facts as presented during the course of this case.

(JA 26)(*See* JA 22-26)(Trial court's in-court findings). The trial court imposed a sentence at the high end of the Guideline range that was the statutory maximum of 11 months, (*see* 18 U.S.C. § 924(a)(2)) and addressed the factors of

7

18 U.S.C. § 3553(a). *Perez-Pena*, 453 F.3d at 241. A sentence which was twice the top-end of the Guideline range of imprisonment has been upheld by this Court. *United States v. Shortt*, 485 F.3d 243, 244 (4th Cir. 2007). It therefore appears that the trial court in Mr.Robinson's case neither abused its discretion by imposing a term of imprisonment at the bottom of the Guideline range prescribed by the Sentencing Guidelines. *See Seay*, 553 F.3d at 742 (Standard of review) instead of sentencing him to probation.

## CONCLUSION

Undersigned counsel is presenting this brief to the Court, requesting that this court reverse and remand this case for a new sentencing consistent with Respectfully submitted, this 7th day of January 2013.

> C.BURELL SHELLA
> 2530 MERIDIAN PKWY
> Durham, NC 27713
> NCBN 33552
> (919) 806-4271
> chrisshella@yahoo.com
>
> ATTORNEY FOR DEFENDANT-APPELLANT

8

CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATIONS

1. This brief has been prepared using (SELECT AND COMPLETE ONLY ONE):

    __X__ Fourteen point, proportionally spaced, serif typeface (such as CG Times or Times New Roman, NOT sans serif typeface such as Arial). Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, CG Times, 14 point)

    Microsoft Word Times New Roman, 14 point

    ____ Twelve point, monospaced typeface (such as Courier or Courier New). Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, Courier New, 12 point):

    ____

2. EXCLUSIVE of the corporate disclosure statement, table of contents, table of citations, statement with respect to oral argument, any addendum containing statutes, rules, or regulations, and the certificate of service, the brief contains (SELECT AND COMPLETE ONLY ONE):

    ____ _____ Pages (give specific number of pages; may not exceed 30 pages for opening or answering brief or 15 pages for reply brief) **OR**

    _x_ _1,578_ Words (give specific number of words; may not exceed 14,000 words for opening or answering brief or 7,000 for reply brief); **OR**

    ____ _____ Lines of Monospaced Type (give specific number of lines; may not exceed 1,300 lines for opening or answering brief or 650 for reply brief; may be used ONLY for briefs prepared in monospaced type such as Courier or Courier New.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

                               /s/ Christopher B.Shella ESQ.
                               C.Burell Shella, ESQ.
                               2530 Meridian Pkwy Suite 300
                               Durham, NC 27713
                               ncbar # 33552

## CERTIFICATE OF SERVICE

In accordance with Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that I have this day filed the required copies of the Opening Brief of Appellant with the Office of the Clerk, United States Court of Appeals for the Fourth Circuit via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

Jennifer P. May-Parker
OFFICE OF THE UNITED STATES ATTORNEY
Suite 800 Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461
jennifer.may-parker@usdoj.gov

This the 7th day of January 2013.

/s/Christopher B.Shella, ESQ.
C.Burell Shella,ESQ.
2530 Meridian Pkwy
Durham NC 27713
NC Bar # 33552